IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG A. BRICK, | Civil Action No. |
| 49 North Second Street | |
| Greenville, PA 16125-2702 | |
| | |
| Plaintiff. | |
| | COMPLAINT |
| vs. | |
| | FILED ON BEHALF OF: |
| | Plaintiff, Craig A. Brick |
| BAKER HUGHES, | |
| 660 Longview Road | COUNSEL OF RECORD FOR |
| Fairmount City, PA 16224 | PARTY: |
| | Neal A. Sanders, Esquire |
| Defendant. | PA ID NO. 54618 |
| | Dirk D. Beuth, Esquire |
| | PA ID NO. 76036 |
| | Law Offices of Neal A. Sanders |
| | 1924 North Main Street Ext. |
| | Butler, PA  16001 |
| | |
| | (724) 282-7771 |
| | |
| | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Craig A. Brick, complaining of Defendant Baker Hughes, alleges as follows:

**PARTIES**

1. Plaintiff, Craig A. Brick, is an individual citizen who currently resides at 49 North Second Street, Greenville, Pennsylvania 16125-2702.

2. Defendant, Baker Hughes, is a corporation engaged in the business of mining / drilling operations / and related projects.  The Defendant has administrative offices located at 660 Longview Road, Fairmount City, Pennsylvania 16224.  Initially Plaintiff was employed by BJ

Well Service but BJ Services merged into Baker Hughes and Plaintiff was an employee of Baker Hughes at all relevant time including when Plaintiff was terminated on October 13, 2011.

**JURISDICTION AND VENUE**

3. Count I arises under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §12111 et seq. Count II is under the PHRA. 43 P.S. § 951-963.

4. Jurisdiction over Count I is conferred upon this Court by virtue of 42 U.S.C. §12111 and 28 U.S.C. § 1331. Jurisdiction over Count II is under pendent jurisdiction.

5. Venue is properly laid in the Western District of Pennsylvania, because the Defendant is situate within this District and all transactions and occurrences which give rise to this action occurred within this District.

**COUNT I**
**TITLE I of the ADA**
**Disability Discrimination and Hostile Work Environment**

6. Defendant is an employer within the meaning of the ADA, 42 U.S.C. § 12111(5)(A). Specifically, Defendant employed fifteen (15) or more employees in each of twenty (20) or more weeks in the preceding calendar year.

7. Plaintiff is currently 46 years of age.

8. Plaintiff was initially employed by the Defendant in or about October 18, 2010, Equipment Operator II.

9. At all times relevant hereto, Plaintiff was qualified for the position of Equipment Operator II and an assortment of other positions within the Defendant.

10. Plaintiff suffers from renal failure/disease and assorted related deficiencies, and is disabled within the meaning of the ADA.

11. Plaintiff notified Defendant management of this disabling condition in early July 2011 by discussing same with Defendant's senior human resources person - Jaime Coffman. The discussions that took place included Plaintiff's need for kidney dialysis and a kidney transplant.

12. Plaintiff was diagnosed with renal failure on July 8, 2011

13. Plaintiff went on sick leave beginning July 11, 2011.

14. Plaintiff was cleared for light duty return to work during Summer 2011 and Plaintiff tried to return to Defendant while requesting reasonable accommodation but Defendant refused to place Plaintiff on an assignment that Plaintiff could perform within light duty even thought Defendant had such available assignments for which Plaintiff was qualified.

15. On or about August 11, 2011, Plaintiff requested reasonable accommodation position/assignment from the Defendant's HR office.

16. Plaintiff did in fact have a physical impairment related to the renal disease and as such suffered from a disability within the meaning of the ADA.

17. From August 11, 2011 through October 13, 2011, Defendant did everything but work with Plaintiff to find a position / assignment within the Defendant for the Plaintiff.

18. Defendant continued to direct Plaintiff toward positions that Defendant knew Plaintiff could not perform due to his restrictions instead of the duties / assignments that Plaintiff could perform due to his disability and the restrictions associated.

19. Plaintiff cooperated with the Defendant in an interactive process regarding accommodating Plaintiff's illness/disability but Defendant did not. Defendant merely gave the appearance it was acting in good faith.

20. Defendant could have provided Plaintiff with an accommodating assignment without any undue hardships to Defendant or Plaintiff but Defendant chose not to do so.

21. On October 6, 2011, Plaintiff's kidney group of physicians released Plaintiff to return to work with limitations but the limitations were not burdensome and Defendant could have complied but chose to stonewall any and all efforts by Plaintiff to remain gainfully employed with the Defendant.

22. Plaintiff's impairment does substantially limit one or more major life activities of work/heavy labor - blood renewal.

23. Plaintiff's disability is permanent, and Defendant knew as early as July 11, 2011 that Plaintiff was disabled some few months prior to Plaintiff being terminated on October 13, 2011.

24. Plaintiff was able to perform the essential job functions of positions at Defendant provided Plaintiff received a reasonable accommodation. (Safety positions and others).

25. In making the decision to stonewall Plaintiff's request for accommodation, the Defendant was motivated by the intent to discriminate against Plaintiff with a long-term physical illness/impairment/disability. (Chronic).

26. By reason of the foregoing, the Defendant discriminated against the Plaintiff when it terminated the Plaintiff on or about October 13, 2011 because Plaintiff suffers from a disability within the meaning of the ADA.

27. Prior to filing this action, Plaintiff filed timely charges alleging unlawful discrimination with the Equal Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC). (PHRC) (January 2012)  A "right to sue" letter was issued by

the EEOC on August 7, 2013. It was received on August 14, 2013. Less than 90 days have elapsed since it was received. A true and correct copy of this letter is attached hereto as Exhibit 1. The PHRC issued a "No Finding Dismissal Right to Sue letter on February 12, 2013 and then less than two (2) years have elapsed since February 12, 2013. See Exhibit 2 including PHRC letter dated July 31, 2013.

28. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered lost wages from August 2011 through January 2012 and health related costs/benefits and personal harm, personal injury, loss of the opportunity to engage in the gainful employ with this Defendant, humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

29. The Defendant willfully violated the ADA or with reckless disregard for whether its actions were prohibited such that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant and award Plaintiff lost wages from August 2011 through January 2012, and compensation for personal harm, personal injury, compensatory damages for humiliation, embarrassment and loss of self esteem, punitive damages and reasonable costs and attorney's fees.

## COUNT II
### PHRA - Wrongful Termination - Handicap Discrimination

30. Plaintiff incorporates by reference Paragraphs 1 through 29 herein.

31. Defendant is an employer within the meaning of the PHRA.

32. Plaintiff is currently 46 years of age.

33. Plaintiff was initially employed by the Defendant in or about October 18, 2010, Equipment Operator II.

34. At all times relevant hereto, Plaintiff was qualified for the position of Equipment Operator II and an assortment of other positions within the Defendant.

35. Plaintiff suffers from renal failure/disease and assorted related deficiencies, and is disabled within the meaning of the PHRA.

36. Plaintiff notified Defendant management of this disabling condition in early July 2011 by discussing same with Defendant's senior human resources person - Jaime Coffman. The discussions that took place included Plaintiff's need for kidney dialysis and a kidney transplant.

37. Plaintiff was diagnosed with renal failure on July 8, 2011

38. Plaintiff went on sick leave beginning July 11, 2011.

39. Plaintiff was cleared for light duty return to work during Summer 2011 and Plaintiff tried to return to Defendant while requesting reasonable accommodation but Defendant refused to place Plaintiff on an assignment that Plaintiff could perform within light duty even thought Defendant had such available assignments for which Plaintiff was qualified.

40. On or about August 11, 2011, Plaintiff requested reasonable accommodation position/assignment from the Defendant's HR office.

41. Plaintiff did in fact have a physical impairment related to the renal disease and as such suffered from a disability within the meaning of the PHRA.

42. From August 11, 2011 through October 13, 2011, Defendant did everything but work with Plaintiff to find a position / assignment within the Defendant for the Plaintiff.

43. Defendant continued to direct Plaintiff toward positions that Defendant knew Plaintiff could not perform due to his restrictions instead of the duties / assignments that Plaintiff could perform due to his disability and the restrictions associated.

44. Plaintiff cooperated with the Defendant in an interactive process regarding accommodating Plaintiff's illness/disability but Defendant did not. Defendant merely gave the appearance it was acting in good faith.

45. Defendant could have provided Plaintiff with an accommodating assignment without any undue hardships to Defendant or Plaintiff but Defendant chose not to do so.

46. On October 6, 2011, Plaintiff's kidney group of physicians released Plaintiff to return to work with limitations but the limitations were not burdensome and Defendant could have complied but chose to stonewall any and all efforts by Plaintiff to remain gainfully employed with the Defendant.

47. Plaintiff's impairment does substantially limit one or more major life activities of work/heavy labor - blood renewal.

48. Plaintiff's disability is permanent, and Defendant knew as early as July 11, 2011 that Plaintiff was disabled some few months prior to Plaintiff being terminated on October 13, 2011.

49. Plaintiff was able to perform the essential job functions of positions at Defendant provided Plaintiff received a reasonable accommodation. (Safety positions and others).

50. In making the decision to stonewall Plaintiff's request for accommodation, the Defendant was motivated by the intent to discriminate against Plaintiff with a long-term physical illness/impairment/disability. (Chronic).

51. By reason of the foregoing, the Defendant discriminated against the Plaintiff when it terminated the Plaintiff on or about October 13, 2011 because Plaintiff suffers from a disability within the meaning of the PHRA.

52. Prior to filing this action, Plaintiff filed timely charges alleging unlawful discrimination with the Equal Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC). (PHRC) (January 2012) A "right to sue" letter was issued by the EEOC on August 7, 2013. It was received on August 14, 2013. Less than 90 days have elapsed since it was received. A true and correct copy of this letter is attached hereto as Exhibit 1. The PHRC issued a "No Finding Dismissal Right to Sue letter on February 12, 2013 and then less than two (2) years have elapsed since February 12, 2013. See Exhibit 2 including PHRC letter dated July 31, 2013.

53. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered lost wages from August 2011 through January 2012 and health related costs/benefits and personal harm, personal injury, loss of the opportunity to engage in the gainful employ with this Defendant, humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

54. The Defendant willfully violated the PHRA or with reckless disregard for whether its actions were prohibited such that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant and award Plaintiff lost wages from August 2011 through January 2012, and compensation for personal harm, personal injury, compensatory damages for humiliation, embarrassment and loss of self esteem, punitive damages and reasonable costs and attorney's fees.

                                                  Respectfully submitted,

                                                  LAW OFFICES OF NEAL A. SANDERS

Dated: August 29, 2013                By:/s/Neal A. Sanders
                                                       Neal A. Sanders, Esquire
                                                       PA ID NO. 54618
                                                       Co-Counsel for Plaintiff,
                                                       Craig A. Brick

                                                By:/s/Dirk D. Beuth
                                                       Dirk D. Beuth, Esquire
                                                       PA ID NO. 76036
                                                       Co-Counsel for Plaintiff,
                                                       Craig A. Brick

                                                       Law Offices of Neal A. Sanders
                                                       1924 North Main Street Ext.
                                                       Butler, Pennsylvania 16001

                                                       (724) 282-7771

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                                                        By:/s/Neal A. Sanders
                                                            Neal A. Sanders, Esquire

                                                        By:/s/Dirk D. Beuth
                                                           Dirk D. Beuth, Esquire